**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1488
_____

CATHY C. CARDILLO,
                                        Appellant

v.

MARK NEARY,  In his Personal Capacity as Clerk of the Supreme Court of New Jersey;
BONNIE C. FROST,  In her Personal Capacity as Chair of the Disciplinary Review
Board; CHARLES CENTINARO, In his Personal Capacity as Director of the Office of
Attorney Ethics; MARVIN WALDEN, JR., Esq., In his Personal Capacity as Secretary of
the District IV Fee Arbitration Committee; AURELIO VINCITORI, In his Personal
Capacity as Fee Arbitrator of the District IV Fee Arbitration Committee; MEGAN
BURNS

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-16-cv-02347)
District Judge: Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 11, 2018
_____

Before:  JORDAN, VANASKIE, and NYGAARD, *Circuit Judges*

(Filed: December 28, 2018)
_____

OPINION*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

_____

VANASKIE, *Circuit Judge.*

Cathy Cardillo appeals the District Court's order dismissing for her civil rights action brought pursuant to 42 U.S.C. § 1983. The District Court *sua sponte* applied the *Rooker-Feldman* doctrine and determined that jurisdiction over her claim was lacking. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). On appeal, Cardillo argues that her constitutional claims were never properly before the state court. As a result, she contends that the District Court's application of the *Rooker-Feldman* doctrine was incorrect. For the reasons that follow, we will affirm the District Court's order.

I.

Cardillo practiced law in New Jersey for a number of years before retiring and moving to Portugal. After her retirement and relocation, a former client, Megan Burns, submitted a claim with New Jersey's District VI Fee Arbitration Committee (the "Committee"), contesting Cardillo's fee for past representation. The Committee attempted to serve Cardillo with notice of the hearing concerning the dispute on three separate occasions by way of certified mail sent to Cardillo's former New Jersey address. Because Cardillo no longer resided at that address, the certified mailings were returned to the Committee as undeliverable. The dispute proceeded before the Committee without Cardillo's participation, and the Committee ultimately entered a decision adverse to Cardillo.

2

When Cardillo became aware of the Committee's decision, she sent an email to the Office of Attorney Ethics ("OAE"), which oversees the Committee, seeking to reopen the fee arbitration proceeding on the basis that she did not receive proper notice. The gravamen of Cardillo's argument is that the notice was insufficient because, pursuant to N.J.R. 1:20-7(h), notice of Committee hearings must be provided either "by personal service, or by certified mail (return receipt requested) and regular mail . . . ." Cardillo argues that the Committee only sent certified letters, which are unable to be forwarded and were therefore returned as undeliverable. Because she had her regular mail forwarded to a friend in New Jersey, Cardillo alleges she would have been notified of the Committee proceedings had the notices also been sent by way of regular mail.

Defendant Charles Centinaro, the acting Director of the OAE, denied Cardillo's request in a response email. Cardillo then appealed both the Committee's decision and the OAE's denial to the New Jersey Disciplinary Review Board ("DRB"). Cardillo alleged in her appeal to the DRB that she had not received proper notice of the proceeding before the Committee, that the Committee knew she did not receive proper notice, and that the proceeding should therefore be reopened.

The DRB determined that notice was proper, dismissed her appeal, and affirmed the Committee's decision. Cardillo next sought reversal of the DRB's decision by filing a notice and petition for review with the New Jersey Supreme Court. Defendant Mark Neary, the Clerk of the New Jersey Supreme Court, informed Plaintiff by letter that her

3

Petition would not be considered because decisions rendered by the DRB are final and not appealable to the New Jersey Supreme Court.[1]

Cardillo then filed suit in federal court pursuant to 42 U.S.C. § 1983, alleging a deprivation of her procedural due process rights predicated upon the insufficiency of the notice. Cardillo moved for summary judgment, and Defendants moved to dismiss. The District Court administratively terminated these motions by letter and, *sua sponte,* directed the parties to brief the question of the court's subject matter jurisdiction over Cardillo's claims.

The District Court subsequently concluded that it lacked subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine and dismissed Cardillo's amended complaint. In finding as much, the court stated that:

> [Cardillo's] fundamental argument remains the same[:] the letter-only manner of service selected by the Committee was deficient in that it resulted in her deprivation of her right to participate in the fee arbitration hearing. In other words, the harm that [Cardillo] claims in this Court, deprivation of her alleged due process right to adequate notice under the United States Constitution, is coextensive with the basis of her appeal to the DRB, and her attempted petition to the New Jersey Supreme Court.

(Appellee Appx. 23–24). Cardillo timely appealed.

---

[1] Pursuant to New Jersey Court Rule 1:20A, a fee arbitration decision rendered by the Committee is final and binding upon the parties, with no right to appeal the merits of the decision and a very limited right to appeal procedural defects in the proceedings. Rule 1:20A-3 permits Committee decisions to be appealed to the DRB where "the [Committee] failed substantially to comply with the procedural requirements of [N.J.R. 1:20A], or there was substantial procedural unfairness that led to an unjust result. . . ." N.J.R. 1:20A-3(c)(2). Decisions rendered by the DRB are final and not appealable to the New Jersey Supreme Court. *See* N.J.R. 1:20-16(d).

## II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review "where the District Court dismisses for lack of subject matter jurisdiction." *Gould Elecs. Inc. v. United States,* 220 F.3d 169, 176 (3d Cir. 2000) (citation omitted). We "may affirm the District Court's judgment on any basis supported by the record." *Murray v. Bledsoe,* 650 F.3d 246, 247 (3d Cir. 2011) (per curiam) (citation omitted).

## III.

The sole issue before this Court on appeal is whether the District Court properly applied the *Rooker-Feldman* doctrine. On this issue, Cardillo argues that her procedural due process claim was never properly before the DRB or the New Jersey Supreme Court. **[Pet. R. Br. At 6]**. As such, she asserts that reliance upon *Rooker-Feldman* is inappropriate because she has raised a discrete federal claim.

The *Rooker-Feldman* doctrine strips federal courts of jurisdiction over controversies "that are essentially appeals from state-court judgments." *Williams v. BASF Catalysts LLC,* 765 F.3d 306, 315 (3d Cir. 2014) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 165 (3d Cir. 2010)). Federal district courts have "no authority to review final judgments of a state court in judicial proceedings." *Feldman,* 460 U.S. at 482. However, the Supreme Court has held that the applicability of the doctrine is "narrow" and "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before district court proceedings

5

commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

We note as an initial matter that the *Rooker-Feldman* doctrine only applies to state judicial proceedings and not to administrative or legislative proceedings. *Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n,* 342 F.3d 242, 257 (3d Cir. 2003) (citing *Feldman*, 460 U.S. at 476. The threshold question, therefore, is whether the New Jersey fee arbitration proceeding is judicial or administrative. The New Jersey Supreme Court established the fee arbitration system pursuant to that Court's constitutional power to regulate the practice of law and the discipline of practitioners. *Guralnick v. Supreme Court of N.J.,* 747 F.Supp. 1109, 1111 (1990) *aff'd* 961 F.2d 209 (3d Cir. 1992). The New Jersey Supreme Court appoints members of both the Committee and the DRB. N.J.R. 1:20A-1 and 1:20-15. As such, we agree with the District Court's determination that, as "arms and agents" of the New Jersey Supreme Court that have been delegated portions of that Court's constitutional powers, adjudicative proceedings before the Committee and the DRB are properly considered judicial, as opposed to administrative, proceedings. (Appellee Appx. 24 n.5 (citing *Application of LiVolsi,* 85 N.J. 576, 597 n.22 (1981))).

In determining whether a proceeding is properly characterized as judicial in nature, the Supreme Court has held that "[a] judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end." *Prentis v. Atl. Coast Line,* 211 U.S. 210, 226 (1908). "The proper characterization of an agency's actions depends not upon the

6

character of the body, but upon the character of the proceeding. . . ." *New Orleans Pub. Serv., Inc. v. Council of New Orleans,* 491 U.S. 350, 371 (1989) (internal quotation and bracketing omitted). Fee arbitration proceedings before the Committee contain many of the hallmarks of judicial proceedings, including: initial and responsive pleadings; the right to a hearing with the opportunity for all parties to be heard; the ability to compel the attendance of witnesses sworn under oath; the production of documents; the use of subpoenas; interpleader; and the ability to appeal. *See* N.J.R. 1:20A-3. The Committee collects facts and issues a declaration based upon the current law. *Id.* Here both the nature of the body, which possesses the delegated authority of the New Jersey Supreme Court, and the nature of the proceedings lead to the conclusion that the fee arbitration system establishes a judicial proceeding.

The next question is whether the requirements of the *Rooker-Feldman* doctrine are satisfied here. Interpreting the holding in *Exxon Mobile,* we have concluded that four requirements must be met in order for the *Rooker-Feldman* doctrine to preclude federal court jurisdiction: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court [judgment]; (3) [that judgment was] rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state [judgment]." *Great W. Mining,* 615 F.3d at 166 (citation omitted). "The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.*

We find that all four requirements are present here and that the *Rooker-Feldman* doctrine precludes federal jurisdiction. First, Cardillo lost in state court when the

Committee rendered an adverse decision and the DRB denied her appeal. Second, the injury of which Cardillo complains—namely the putative deprivation of her procedural due process right to adequate notice—resulted from the DRB's determination that the Committee's notice was proper. Third, there is no dispute that Cardillo instituted her federal action after she received notice from the New Jersey Supreme Court that her appeal of the DRB decision would not be considered. Finally, we need not look any further than the prayer for relief in Cardillo's Amended Complaint (Appellee Appx. 4 at ¶ 6) or her request to this Court in her briefing (Pet. R. Br. 7) to determine that she seeks our review and rejection of the New Jersey judgment.

Cardillo's argument that her constitutional claim was not properly before the DRB or the New Jersey Supreme Court, and therefore beyond the ambit of the *Rooker-Feldman* doctrine, is without merit. As the District Court concluded, the procedural defect of which Cardillo complains—the insufficiency of the notice—is co-extensive with her constitutional claim, and she has already availed herself of the opportunity to raise these claims before the DRB. **[Appellee Appx. 25-26].** We agree with the District Court's conclusion that, given the identical nature of the claims raised before the OAE and DRB with those asserted here, any proceeding in federal court would "not so much offer an opportunity to challenge the adequacy of the notice before the Committee, but rather [serve] to challenge the decision of the DRB that notice was adequate." (Appellee Appx. 26). This type of review of final state court determinations is exactly what *Rooker-Feldman* seeks to preclude.

IV.

8

Because all four prongs of the *Rooker-Feldman* doctrine are satisfied, we will affirm the holding of the District Court.